UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA GILLIS, ET AL.,<br>Plaintiffs,<br>v.<br>IN-SHAPE FAMILY FITNESS, LLC,<br>Defendant. | 2:23-cv-01474-KJN<br>ORDER |

On July 24, 2023, plaintiffs Lucia Gillis and Shawn Gillis filed this action under the Americans with Disabilities Act and California state disability laws. (ECF No. 1).[1] Currently before the court is a petition to appoint Lucia Gillis as guardian ad litem of Shawn Gillis. (ECF No. 4.) Because the petition does not comply with Local Rule 202, the court DENIES it without prejudice and VACATES the hearing currently set for August 29, 2023.

////

[1] This case was randomly assigned to Chief Magistrate Judge Kendall J. Newman under Appendix A of the Local Rules. (ECF No. 3.) Under the Initial Scheduling Order, all parties are to inform the Clerk of Court of their decision whether to Consent or Decline magistrate judge jurisdiction for all purposes in this case by filing their Consent/Decline form within ninety days of the date the action was filed. (Id.) There is no obligation to consent, and no judge will be notified of a party's decision unless all parties have consented. See Fed. R. Civ. P. 73(b)(1). A review of the docket shows that not all parties have filed their Consent/Decline forms.

Legal Standard

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
> ...
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." United States v. 30.64 Acres of Land, 795 F.2d 796, 804 9th Cir. 1986).

I. Discussion

The petition states that plaintiff Shawn Gillis is a "severely disabled adult with cognitive impairment." (ECF No. 4 at 1). The proposed guardian ad litem, Lucia Gillis, is plaintiff's "limited legal conservator" and "plaintiff's natural mother and is a competent and responsible person." (Id.) She has no interest adverse to that of Shawn Gillis and is willing to serve as guardian ad litem. (Id. at 1-2.)

The petition does not comply with Local Rule 202(c). Lucia and Shawn Gillis are represented by counsel in this matter. However, the petition does not disclose the terms under which the attorneys were employed; whether the attorneys became involved at the insistence of any of the defendants, directly or indirectly; whether the attorneys stand in any relationship to defendants; and whether the attorneys have received or expect to receive any compensation, from whom, and the amount. L.R. 202(c).

The court therefore denies the petition without prejudice to filing a motion that complies with Local Rule 202. See L.R. 202(a) (providing for the filing of a "motion," not a petition, for the appointment of a guardian ad litem).

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The guardian ad litem hearing scheduled for August 29, 2023, is VACATED; and
2. Plaintiff's petition to appoint Lucia Gillis as guardian ad litem (ECF No. 4) is DENIED without prejudice.

Dated: August 11, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gill.1474