UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA GILLIS, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>IN-SHAPE FAMILY FITNESS, LLC,<br><br>　　　　Defendant. | 2:23-cv-01474-KJN<br><br>ORDER |

Pending before the court is plaintiff Lucia Gillis's motion to appoint guardian ad litem of Shawn Gillis. (ECF No. 12.) Plaintiff's motion, filed August 23, 2023, is unopposed.

As discussed below, plaintiff's motion complies with Local Rule 202. The court therefore GRANTS the motion and APPOINTS Lucia Gillis as guardian ad litem of Shawn Gillis. The court VACATES the motion hearing currently set for October 3, 2023.

　　I.　　Legal Standard

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a

guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

...

(c) Disclosure of Attorney's Interest.  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court."  United States v. 30.64 Acres of Land, 795 F.2d 796, 804 9th Cir. 1986).

II.     Analysis

Plaintiff Shawn Gillis is a "severely disabled adult with cognitive impairment."  (ECF No. 12-1 at 1.)  The proposed guardian ad litem, Lucia Gillis, is plaintiff's "limited legal conservator" and "plaintiff's natural mother and is a competent and responsible person."  (Id.)  She has no interest adverse to that of Shawn Gillis and is willing to serve as guardian ad litem.  (Id. at 1-2.)

Lucia and Shawn Gillis are represented by counsel in this matter.  In compliance with Local Rule 202(c), the motion states the terms under which the attorneys were employed:  the representation agreement is a "zero fee" agreement, meaning the entire cost of litigation is paid by counsel.  (ECF No. 12-2 at 2, para 3.)  Plaintiff's counsel will seek statutory attorneys' fees on an hourly basis and litigation expenses and costs, to be paid by defendants.  (Id.)  Counsel avers that they did not become involved with this case at the insistence of any defendants, directly or indirectly; that counsel has no relationship to any defendants; and that counsel has not received or expect to receive any compensation in connection with this action.  (Id. at 2-3, paras. 4-5;) L.R. 202(c) (setting forth requirements for guardian ad litem motions brought by represented parties).

The court is satisfied that plaintiff's motion meets the requirements of Local Rule 202 and therefore grants the instant motion.

////

////

# ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to appoint guardian ad litem, ECF No. 12, is GRANTED;

2. Lucia Gillis is APPOINTED as guardian ad litem for plaintiff Shawn Gillis; and

3. The guardian ad litem hearing scheduled for October 3, 2023 is VACATED.

Dated: September 26, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gill.1474

3