UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucia Gillis, et al., | No. 2:23-cv-01474-KJM-CSK |
| Plaintiffs, | ORDER |
| v. | |
| In-Shape Family Fitness, LLC, | |
| Defendant. | |

Plaintiffs request the court seal the unredacted version of their Ex Parte Petition to Approve Settlement of a Claim for a Person with a Disability, the supporting declaration and the copy of the settlement agreement. *See* Notice Req. Seal, ECF No. 31. Specifically, plaintiffs seek to redact the monetary amount specified in the petition and supporting documents. The court **denies** the motion without prejudice.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When a party moves to seal a record, the court determines whether the underlying filing is "more than tangentially related to the merits

of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If so, then a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id.* at 1096. "That is, the party must articulate compelling reasons supported by specific factual findings[.]" *Kamakana*, 447 F.3d at 1178 (internal marks and citation omitted).

As plaintiffs acknowledge, the petition is a dispositive motion aimed at resolving the parties' dispute and is therefore, "more than tangentially related to the merits" of this case. *See Ctr. for Auto Safety*, 809 F.3d at 1101. Thus, plaintiffs must meet the compelling reasons standard to seal documents related to the petition. *Cf., e.g.*, *M.F. v. United States*, No. 13-1790, 2015 WL 630946, at *2 (W.D. Wash. Feb. 12, 2015) (compelling reasons standard applies to requests to seal related to approval of minor's settlement because it is dispositive of the proceedings and collecting cases).

Here, plaintiffs argue there is a compelling reason to redact those provisions in light of the public policy that promotes and encourages settlements. However, apart from listing other cases, plaintiffs do not explain how disclosing the settlement amount in this case will discourage settlements generally. Plaintiffs have not supported their request with any specific factual findings or analysis. Based on this record, the court finds plaintiffs have not satisfied the stringent compelling reasons standard. The request to seal is **denied without prejudice to renewal**. Plaintiffs are directed to promptly file their "Request to Seal Documents," which does not disclose any settlement amount, on the public docket. Any renewed request to seal shall be filed within fourteen (14) day**s** of the filing date of this order. Otherwise, plaintiffs shall file the petition and accompanying declaration and exhibit within fourteen (14) days of the filing date of this order.

This order resolves ECF No. 31.

IT IS SO ORDERED.

DATED: May 30, 2024.

CHIEF UNITED STATES DISTRICT JUDGE