UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucia Gillis, et al., | No. 2:23-cv-01474-KJM-CSK |
| Plaintiffs, | ORDER |
| v. | |
| In-Shape Family Fitness, LLC, | |
| Defendant. | |

Shawn Gillis and his mother and guardian ad litem, Lucia Gillis, allege In-Shape Family Fitness, LLC discriminated on the basis of disability in violation of the Americans with Disabilities Act of 1990, the California Unruh Civil Rights Act, and the California Disabled Persons Act. *See generally* Compl., ECF No. 1. According to the complaint in this case, Mr. Gillis has been diagnosed with autism and schizophrenia, and In-Shape did not permit his in-home support services worker to accompany him when he visited In-Shape's health club as his mother's guest. *See id.* ¶¶ 1–3.

The complaint was filed about one year ago. After In-Shape filed its answer, ECF No. 17, the court stayed the action and directed the parties to discuss a potential settlement agreement, ECF No. 23. The parties then reached an agreement after participating in the court's Voluntary Dispute Resolution Program (VDRP). ECF Nos. 25–27. The Gillises now apply ex parte for the

court's approval of their agreement.  ECF No. 38.  In-Shape does not oppose their application.  *See* Karbelashvili Decl. ¶ 12, ECF No. 38-2.

Under this district's local rules, the court must approve any agreement to settle claims by a minor or incompetent plaintiff.  *See* Fed. R. Civ. P. 17; E.D. Cal. L.R. 202(b).  Courts within this district have approved agreements when doing so would serve the plaintiff's best interests.  *See, e.g.*, *D.C. by & through Murphy v. Modesto City Sch.*, No. 22-01481, 2023 WL 6060044, at *1 & n.2 (E.D. Cal. Sept. 18, 2023); *S.W. v. Turlock Unified Sch. Dist.*, No. 20-00266, 2022 WL 2133789, at *2 (E.D. Cal. June 14, 2022), *findings and recommendations adopted in full*, 2022 WL 3142098 (E.D. Cal. Aug. 5, 2022).  The inquiry is "independent," not "comparative."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011).  That is, the question is "whether the proposed net recovery of [each plaintiff] is fair and reasonable in light of the facts of the case, each [plaintiff's] claims, and typical recovery by [other plaintiffs] in similar cases . . . , regardless of the amount the parties agree to designate for adult co-plaintiffs and attorneys' fees."  *Id.* at 1182.  Courts within this district have used this standard in cases involving both federal and state law claims.  *See, e.g.*, *D.C.*, 2022 WL 2133789, at *3.

Shawn and Lucia Gillis have provided all of the information required by this district's local rules.  *See* E.D. Cal. 202(b)(2).  Their proposed settlement agreement is also in Shawn's best interests.  The size of the award is relatively small, but plaintiffs do not allege In-Shape caused them any physical injuries or economic harm.  Ms. Gillis supports the agreement, as does the attorney who represents them both, and courts have approved similar settlements in similar cases.  *See* Ex Parte App. at 7 (collecting authority).  Approving the agreement also will ensure plaintiffs obtain a recovery without taking the time that would be necessary to conduct discovery, hear any pretrial motions and present evidence at a trial.

The ex parte application to approve the settlement agreement (ECF No. 38) is **granted**.  Dispositional documents must be filed **within thirty days**.

IT IS SO ORDERED.

DATED:  August 1, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE